Entered on Docket March 21, 2014

Below is the Order of the Court.



_____
**Brian D. Lynch**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| In re: | Case No. 12-47861-BDL (Ch 13) |
|---|---|
| CHRISTOPHER R. ROMO and<br>SARA M. ROMO | **MEMORANDUM DECISION DENYING**<br>**MOTION TO DISMISS** |
| Debtors. | |

The problem of postpetition homeowners' association ("HOA") dues in chapter 13 cases continues to plague debtors and HOAs, particularly when the debtor proposes to surrender a property, but the mortgage creditors are slow to recover their collateral. Irving Street Towers Condominium Owners Association ("Irving Street") moves to dismiss the present case because Debtors Christopher and Sara Romo ("Romos") are failing to pay the ongoing HOA dues on two condominiums the Romos own, but do not occupy. For the reasons stated below, the Court denies the motion to dismiss.

## I.    STATEMENT OF FACTS

Christopher and Sara Romo own two condominiums, Unit 211 and Unit B-2, 2109 NW Irving Street, in the Irving Street Towers Condominiums in Portland, Oregon. The Romos rented the condominiums out for a time, but when the recession in the real estate market hit, they decided in late 2011 to stop making payments on the mortgages against the

ORDER DENYING MOTION TO DISMISS - 1

condominiums and on the HOA dues owed to Irving Street. The HOA dues, including late charges, are $283.00 and $450.00 per month for each condominium, respectively. On November 20, 2012, the Romos filed this chapter 13 proceeding. Their original Plan of Reorganization proposed to surrender the two condominiums to the secured creditors, i.e., the two mortgage creditors, Bank of America and Homeward Residential, as well as Irving Street and Multnomah County (the Romos were also delinquent on their property taxes). The Plan was amended twice more before it was confirmed (ECF No. 39), but the Amended Plans also provided for surrender of the condominiums to the creditors secured thereby.

On March 26, 2013, Irving Street filed an objection to confirmation of the Romos' Amended Plan dated February 5, 2013 (ECF No. 31), arguing that neither the Plan nor the Romos' budget provided for the ongoing postpetition HOA dues. The HOA asserted that notwithstanding the Romos' intent to surrender the property, Debtors remained liable for the HOA dues under Oregon law, citing *Westwood Homeowners Assn., Inc. v. Lane County*, 318 Or. 146 (1993). On May 22, 2013, Federal National Mortgage Association moved for relief from stay on Unit 211, which was granted without opposition on June 27, 2013. (ECF Nos. 34, 38).

The Romos' 2/5/13 Amended Plan was eventually confirmed based upon Irving Street's agreement with the Romos that the HOA would not oppose confirmation if the Romos would subsequently propose another *post*confirmation Amended Plan to resolve Irving Street's issues. (ECF No. 47). The Romos moved to modify their confirmed Plan soon after confirmation. The proposed modification in Section XII contained the following provision for Irving Street HOA dues:

> Debtors will pay $1,500 monthly, on the 15th of each month beginning in June, 2013, outside the Plan to Irving Street Towers Condominiums Owners Association ("COA")

ORDER DENYING MOTION TO DISMISS - 2

post-petition condominium owner's fees for the two units located at 2109 NW Irving Street, Units #211 and #B-2 Portland Oregon, until foreclosure and/or transfer of title to the units. Upon foreclosure and/or transfer of title to Unit #211, Debtors will reduce the monthly payment to COA to $800 monthly, due on the 15th of each month. After foreclosure and/or transfer of title to Unit #B-2, the remaining post-petition fees to COA will be incorporated in COA's Proof of Claim by amendment and paid as a general unsecured debt. Any balance owing to COA will be discharged upon completion of the plan and entry of the Chapter 13 Discharge Order.

Although no party filed an objection to the proposed modification, the Court lodged the order and advised the parties in the text of the lodged order (ECF No. 50) that it was concerned about the propriety of the proposed treatment of the postpetition Irving Street HOA dues. The Romos filed a Memorandum in Support of Motion to Modify Chapter 13 Plan on September 13, 2013, and resubmitted an order to approve the Modified Plan. On September 17, 2013, the Court again lodged the order with instructions that it wished to conduct a telephone hearing on the Motion to Modify on September 25, 2013. (ECF No. 53). On September 19, 2013, the Romos withdrew their motion to modify and the hearing was stricken.

On November 21, 2013, Irving Street filed this motion to dismiss this case. Irving Street argues that the Romos are in material default of the confirmed Plan because the Order Confirming Plan (ECF No. 39) provides that the Romos "shall incur no additional debt except after obtaining prior Trustee permission pursuant to LBR 3015-2 or prior court permission." The Romos have not been paying postpetition HOA dues and the balance due had grown to $17,312.83 as of November 2013. Irving Street argues that the accrual of liability for postpetition HOA dues without paying them, is in effect the Romos impermissibly incurring additional debt. Irving Street also argues that the Romos have engaged in unreasonable delay prejudicial to Irving Street and have acted in bad faith by making "empty promises on

ORDER DENYING MOTION TO DISMISS - 3

which Irving Street relied in its attempt to resolve the outstanding dispute in a manner that was amendable [sic] for the Debtors." (ECF No. 57, at p.4).

The Romos concede that they are in title to the condominiums, and that but for the chapter 13 filing, they would remain personally liable for the postpetition HOA dues. They point out, however, that their plan payments are current and they are not in default on their confirmed Plan. They further suggest that Irving Street could sue them in state court over the postpetition HOA dues, but could not enforce its judgment against estate property or the Romos' wages without a further order from this Court. The Romos argue that the fact that the prior settlement reached by the Romos and Irving Street was rejected by third parties—the Trustee and the Court—cannot be grounds for dismissal of their case. Mr. Romo's declaration in opposition to the motion to dismiss further states that he mailed a check to Irving Street for $1500.00 and it was never cashed, and that he had sent $268.00 and $450.00 to Irving Street on December 11, 2013. (ECF No. 60). In a Second Memorandum in Opposition to Motion to Dismiss (ECF No. 63), the Romos also argue that Mr. Romo's personal liability for postpetition homeowner dues may be discharged if the plan completes, citing *In re Khan,* No. 11–33248PM, 2014 WL 32200 (Bankr. D. Md., Jan. 6, 2014).

## II. ANALYSIS

*A. Grounds for Dismissal*

A court may convert a chapter 13 case to chapter 7 or dismiss a chapter 13, whichever is in the best interests of creditors and the estate, "for cause, including-

(1) unreasonable delay by the debtor that is prejudicial to creditors;
…
(6) material default by the debtor with respect to a term of a confirmed plan;

(7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title; …"

11 U.S.C. § 1307(c).

Irving Street offers three grounds for dismissing this case. First, it argues that the allowance of HOA dues to accrue postpetition without payment violates the order of confirmation which provides that a debtor should not "incur" any additional debt, except with Trustee or court permission. While not a specific grounds for dismissal, the violation of the Court's confirmation order could form the basis for "cause" for dismissal under § 1307(c).

"Incur" is defined in the Merriam-Webster online dictionary to mean "to cause yourself to have or experience (something unpleasant or unwanted)." One could stretch the term "incur" to cover virtually every liability, e.g., grocery shopping, crossing a toll bridge, having one's car repaired, even receipt of taxable income. In the context of a chapter 13, though, it implies a new borrowing by the debtor. It does not imply the mere accrual of debts such as postpetition HOA dues, especially when the Romos' expressed intent is to surrender the condominiums to the creditors.

The second and third bases for dismissal cited by Irving Street are that "empty promises" by the Romos in connection with the efforts by the parties to try and resolve the dispute about postpetition HOA dues, constituted "unreasonable delay prejudicial to the interests of creditors" and bad faith by the Romos. (ECF No. 57, at p.4).

Irving Street does not explain how what happened here caused prejudicial delay. Irving Street appears to have withdrawn its objection and allowed the case to be confirmed on the understanding that the Romos would seek to modify their Plan to provide for payment of the postpetition HOA dues, and the Romos in fact tried to modify the Plan per the agreement with Irving Street. Neither Irving Street nor the Romos appear to have anticipated that the

ORDER DENYING MOTION TO DISMISS - 5

Court or the Trustee might question their proposed modification. And the Romos did in fact try to obtain approval of the modification, twice submitting orders approving the proposed Modified Plan to the Court for signature.

Irving Street does not dispute that the Romos have made all the payments provided for under the confirmed Plan. Irving Street's allegations do not deal with treatment of its claim for prepetition HOA dues. Rather, they object to how the Romos have *not* dealt with Irving Street's postpetition HOA dues. While the Romos have an interest in providing for those postpetition debts, which may or may not be discharged upon completion of the Plan, what is alleged here does not constitute unreasonable delay or lack of good faith. The Romos have even tried to make payments to the HOA. The facts in the record are not in dispute. Without additional evidence, Irving Street cannot make out even a prima facie case for dismissal.

The Court does dispute the Romos' representation that the Trustee and the Court "rejected" its proposed Modified Plan. The Trustee may have raised questions about plan confirmation with the Romos, but it never filed a written objection. And the Court has never ruled on the proposed Modified Plan, nor was there ever a hearing where the Court's concerns were addressed. When the Court lodges a proposed order, it is not the equivalent of denying the motion, and the appropriate response of the movant is to confirm the motion for argument if the Court's problem with the order cannot be addressed simply by revision or correction.

It may well be entirely appropriate for a debtor to include in his or her budget a provision for paying ongoing postpetition HOA dues on condominiums in which the debtor remains in title until they are sold or foreclosed. And as part of that arrangement, a homeowners association like Irving Street could provide for a release of its debt on certain

ORDER DENYING MOTION TO DISMISS - 6

conditions.  That is a separate issue from whether postpetition HOA dues may somehow be treated as a prepetition claim in this context, and formally discharged by the Court.  None of these issues was fleshed out, much less ruled on, because of the Romos' decision to strike their motion when their proposed orders were lodged, rather than proceed with a hearing.[1]

Regarding the argument by the Romos that debtors may discharge their personal liability for postpetition HOA dues upon plan completion, the Romos fail to address the existing Ninth Circuit Bankruptcy Appellate Panel authority of *In re Foster,* 435 B.R. 650 (B.A.P. 9th Cir. 2010) which held that postpetition HOA dues are not dischargeable.  In their Memorandum in Support of Motion to Modify Chapter 13 Plan (ECF No. 51), the Romos cite *In re Colon,* 465 B.R. 657 (Bankr. D. Utah 2011), which involved a plan to surrender a condominium.  The *Foster* decision was considered in *Colon*, and distinguished on the basis that *Foster* involved a debtor who proposed to remain in the property postpetition.  Whether *Foster*'s holding is limited to postpetition HOA assessments on property which the debtor intends to continue to occupy postpetition is still in some dispute.  In any event, it is not the issue which is before this court on this motion to dismiss.

The Romos' actions in striking the motion to modify the plan to provide for payment of the postpetition HOA assessments might provide the basis for Irving Street to seek relief from stay to pursue a judgment in state court.  But Irving Street fails to state grounds for dismissal of the case where the Romos have been making their plan payments in a timely fashion and

---

[1] Recognizing the problems surrounding postpetition HOA assessments for debtors especially when lenders delay in foreclosing on their mortgages, a possible option available at the outset of a case would be to provide in the plan for sale of the condominiums pursuant to 11 U.S.C. § 1322(a)(8) and 11 U.S.C. § 363(f) (provided the condominium is property of the estate), particularly where the condominiums are not the debtors' principal residence.  At the very least, a court-approved sale free and clear of liens, even for less than the total liens against the property would prevent the open-ended liability which has accrued here, to the detriment of the HOA and the debtors.

ORDER DENYING MOTION TO DISMISS - 7

1 | have complied with the terms of their confirmed Plan. Irving Street's motion to dismiss is
2 | denied.

/// END OF ORDER ///

ORDER DENYING MOTION TO DISMISS - 8